RECEIVED
USDC CLERK, CHARLESTON, S
2006 MAR 27 P 4:40

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Drew John Monahan, #262378, ) | C. A. No. 2:05-2201-RBH-RSC |
| Petitioner, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Stan Burtt, Warden; and Lieber ) Correctional Institution, ) | |
| Respondents. ) | |

This habeas corpus petition under 28 U.S.C. § 2254 filed July 21, 2005, by a state prisoner proceeding *pro se* is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' summary judgment motion filed on December 7, 2005. 28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The petitioner, Drew John Monahan, is currently incarcerated in the Lieber Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Greenville County. Petitioner was indicted in April 1998 for murder and second degree arson. (App. pp. 588-591). Terry Haskins, Esquire, represented the petitioner on the charges. A jury trial was held November 8-11, 1999, at which the Honorable Victor Pyle, Circuit Court judge, presided. The jury returned a verdict of guilty but mentally ill on each of the two charges. (App. p. 437). The judge imposed concurrent thirty

(30) year sentence for murder, and a ten (10) year sentence on arson. (App. pp. 443-444). Petitioner did not appeal.

On November 15, 2000, the petitioner filed a *pro se* application for post-conviction relief ("PCR"), in which he raised the following claims:

> 9(a) Applicant's right to a direct appeal was not knowingly and intelligently waived;
>
> 9(b) Applicant's counsel was ineffective and his poor performance was prejudicial;
>
> 9(c) The trial court lacked subject matter jurisdiction to hear this case;
>
> 9(d) Applicant's sentence is cruel and unusual punishment.

(App. p. 447).

William A. Coates, Esquire, represented the petitioner in his PCR action. (App. p. 457). The State made its return on October 7, 2002, and moved for dismissal for failure to file within the state statute of limitations. (App. pp. 460-463). An evidentiary hearing was held December 20, 2002, before the Honorable Larry R. Patterson, Circuit Court Judge. (App. p. 464). At the conclusion of the hearing, the PCR judge granted a belated appeal, and continued the remaining issues. (App. pp. 476 and 478). Subsequently, on March 17, 2003, the Honorable John C. Few, Circuit Court Judge, dismissed the continued claims without prejudice.

Daniel T. Stacey, Chief Attorney of the South Carolina Office of Appellate Defense, represented the petitioner on appeal. Counsel filed a Petition for Writ of Certiorari on December 8, 2003, requesting the Supreme Court of South Carolina accept the PCR judge's findings supporting the grant of belated appeal relief. Counsel also filed a Brief of Appellant pursuant to White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974), with the petition that presented the following issue:

> Whether the state was entitled to a second examination concerning appellant's criminal responsibility when the State Hospital examiners had found he was unable to discern right from wrong at the time he killed his mother?

(Brief of Appellant, p. 3).

On March 17, 2004, the State conceded, by letter in lieu of a formal return, the fact that the petitioner was denied a direct appeal, and also submitted a Brief of Respondent addressing the belated appeal issue. On December 3, 2004, the Supreme Court of South Carolina granted the petition, dispensed with further briefing, and announced its intent to review the direct appeal issue. On July 5, 2005, the state supreme court issued an opinion affirming the convictions. Monahan v. State, Opinion No. 26007 (S.C.Sup.Ct. filed July 5, 2005), 365 S.C. 130, 616 S.E.2d (2005). The remittitur issued on July 21, 2005.

The following documents have been made part of the record here:

>    (1)   PCR appendix (Vol. 1 and 2);
>
>    (2)   2003 Petition for Writ of Certiorari;
>
>    (3)   2003 Brief of Appellant Pursuant to White v. State;
>
>    (4)   March 17, 2004, Letter from the South Carolina Attorney General's Office conceding the fact of the denial of a direct appeal;
>
>    (5)   2004 Brief of Respondent Pursuant to White v. State;
>
>    (6)   December 3, 2004 Order of the Supreme Court of South Carolina granting certiorari review;
>
>    (7)   Monahan v. State, Opinion No. 26007 (S.C.Sup.Ct. filed July 5, 2005);
>
>    (8)   July 21, 2005, remittitur letter of the Supreme Court of South Carolina;
>
>    (9)   March 17, 2003, Order of the Honorable John C. Few, Circuit Court Judge, dismissing PCR action without prejudice.

The petitioner was provided a copy of the respondents' summary judgment motion on December 7, 2005, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The petitioner responded on January 11, 2006. Hence it appears consideration of the motion is appropriate.

## GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, the petitioner raised the following challenge to his conviction:

> Was the South Carolina Supreme Court's interpretation of S.C. Code Ann. § 44-23-410 (1976), arbitrary and capricious and did the statute as it was applied to Petitioner, violate his Fifth, Sixth, and Fourteenth Amendments Rights guaranteed by our State and Federal Constitution?

(Habeas petition, p. 3).

## HABEAS STANDARD OF REVIEW

The present habeas corpus petition has a filing date of August 9, 2004. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. Lindh v. Murphy, 117 S.Ct. 2059 (1997). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254 (d)(1)(2).

The first requirement has been explained by the United States Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000)(plurality opinion). Writing for a plurality of the Court, Justice O'Connor held that,

5

> ... § 2254(d)(1) places a new constraint on the power of a federal habeas corpus court to grant a state habeas petitioner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1) the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) 'was contrary to. . . clearly established federal law as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of . . . clearly established Federal law as determined by the Supreme Court of the United States.'

Id. at 1523 (O'Connor, J., concurring in judgment).

With respect to the "unreasonable application" clause, Justice O'Connor further explained that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 1522.

In sum, the AEDPA amendments exalt the role that a state court's decision plays in a habeas decision by specifically directing the federal court to make the state court decision the starting point of federal review; only if that decision deviates from the paradigm recited in § 2254(d) can a habeas court grant relief.

## STATUTE OF LIMITATIONS

The present habeas corpus petition was filed on July 21, 2005.[1] Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. Lindh v. Murphy, 117 S.Ct. 2059 (1997). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period begins to run "the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed collateral attack on the subject conviction. 28 U.S.C. § 2254(d)(2).

## DISCUSSION

A review of the record and relevant case law reveals that the petitioner is not entitled to relief.

The state argued that the petition must be dismissed as untimely. The state is incorrect. The petitioner's conviction on November 11, 1999, became final at the end of the ten (10) day period in which he could have timely filed for direct appeal

---

[1] The petition was deposited in the S.C.D.C. mail room on July 21, 2005, and received by the Clerk of Court on July 26th and filed on August 4th. Under Houston v. Lack, 487 U.S. 266, 276 (1988), the statute was tolled on July 21, 2005.

review. See, Rule 203 (b)(2), South Carolina Appellate Court Rules. Therefore, his AEDPA time limit began to run on November 21, 1999. The petitioner filed his PCR action on November 15, 2000, tolling his time after the expiration of three hundred and fifty-nine (359) days. The Supreme Court of South Carolina issued its opinion affirming the convictions on July 5, 2005, and the Remittitur was sent to the Greenville County Clerk of Court on July 21, 2005. Petitioner is accorded the benefit of the "mailbox delivery date" rule of Houston v. Lack, 487 U.S. 266 (1988) (petition deemed filed when it is submitted to prison officials) so that the instant action was filed that same day, July 21, 2005, six (6) days before the statute ran.

The state argued that the petitioner's PCR tolled the statute only until the Supreme Court's decision was rendered, but the petitioner here is given the benefit of tolling until the Remittitur was sent to the Greenville County Clerk of Court. See, e.g., Mitchell v. Rushton, Slip Copy, 2006 WL 208864 (D.S.C. 2006); Marshall v. Rushton, Slip Copy, 2005 WL 3359104 (D.S.C. 2005); Cannon v. Bazzle, Slip Copy, 2005 WL 2838116 (D.S.C. 2005); Gibson v. Bazzle, 383 F.Supp.2d 870 (D.S.C. 2005).

Although timely, the petitioner is not entitled to habeas relief.

Petitioner raised one challenge to his conviction here: Was the South Carolina Supreme Court's interpretation of S.C. Code

Ann. § 44-23-410 (1976), arbitrary and capricious and did the statute as it was applied to Petitioner, violate his Fifth, Sixth, and Fourteenth Amendments rights guaranteed by our State and Federal Constitution?

The petitioner misunderstands the statute and the trial judge's authority. The Supreme Court of South Carolina did not apply S.C. Code § 44-23-410 (1976) to Petitioner's case, but held: "Section 44-23-410 does not apply to evaluations for criminal responsibility; it governs only evaluations to determine competency to stand trial. These are separate mental health issues. The test for criminal responsibility relates to the time of the alleged offense, while competency to stand trial relates to the time the defendant is before the court for trial. Accordingly, even if §44-23-410 allows only one examination, it is not dispositive here." Monahan v. State, Memo Op. 26007, filed July 5, 2005.

The petitioner argued about the proper application of state law. However, federal habeas relief maybe granted only for a violation of federal law. 28 U.S.C. § 2254(d)(1); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.); Wright v.

Angelone, 151 F.3d 151 (4th Cir. 1998).  Reliance on a state statute, and the state constitution, as a basis for relief simply fails to present a question of federal law.  To the extent the petitioner relies solely on state law, he has failed to present a matter cognizable under 28 U.S.C. § 2254.

To the extent he asserts that his federal rights were violated, it appears that the state court adjudication did not result in a decision that was contrary to clearly established federal law as determined by the Supreme Court of the United States, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.

The trial judge granted the state's motion for a psychiatric evaluation after the state's first examination concluded the petitioner lacked the capacity to discern right from wrong at the time he committed his crimes.  The court found that the trial judge had inherent authority to authorize the evaluation by the state's expert, and that the evidence from same "was introduced at trial in fair response to evidence of the initial evaluation in petitioner's favor."  616 S.E.2d at 424.  That finding is also consistent with the trial court's order which reflected the trial judge's reliance on his inherent authority and not on the above

reference statute.[2] (App. p.580). The inherent authority to order such an examination in light of a defendant's initial request for evaluation and his intent to pursue an insanity or diminished capacity defense is not constitutionally infirm. See, e.g., United States v. Albright, 388 F.2d 719, 722 (4th Cir. 1968)("the principle seems established that a district court in a criminal case has inherent power to require a psychiatric examination of a defendant, where the defendant has pleaded insanity as a defense, submitted to examination by examiners of his own choosing and presented testimony to support his defense."); United States v. White, 21 F.Supp. 2d 1197 (E.D.Ca. 1998)("virtually all circuits addressing this issue in cases where a defendant has interposed the defense of insanity have uniformly held that a court-ordered psychiatric examination does not violate the Fifth Amendment's privilege against self-incrimination.")

In sum, it cannot be said that the South Carolina Supreme Court's adjudication resulted in a decision that was contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law.

---

The petitioner has not challenged the trial judge's inherent authority either in his state action or the instant habeas petition.

11

## **CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the petition herein be dismissed in its entirety and this matter ended.

                                                Respectfully Submitted,

                                                Robert S. Carr
                                                United States Magistrate Judge

Charleston, South Carolina

March 27, 2006

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
&
The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, <u>but not thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

13