IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Drew John Monahan, #262378, | ) | Civil Action No. 2:05-2201-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Stan Burtt, Warden; and Lieber | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Drew John Monahan, proceeding *pro se*, filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on July 21, 2005. In his *pro se* Petition, the Petitioner only raised the following challenge to his conviction:

> Was the South Carolina Supreme Court's interpretation of S.C. Code Ann. § 44-23-410 (1976), arbitrary and capricious and did the statute as it was applied to Petitioner, violate his Fifth, Sixth, and Fourteenth Amendments Rights guaranteed by our State and Federal Constitution?

(Habeas Petition, p.3).

Currently pending before the court is the Respondents' motion for summary judgment which was filed on December 7, 2005. By Order entered December 8, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to the Respondents' motion on January 11, 2006.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on March 27, 2006. In the Report, the Magistrate Judge

concludes that this Petition was filed within the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"). However, after a review of the Petition on the merits, the Magistrate Judge finds that the Petitioner is not entitled to habeas relief. The Magistrate Judge notes in the Report that as part of the Petitioner's challenge to his conviction, he argues that the South Carolina Supreme Court's interpretation of S.C. Code Ann. § 44-23-410 (1976),[1] was arbitrary and capricious. However, the Magistrate Judge concludes that the Petitioner misunderstands the statute and the trial judge's authority and that the Supreme Court of South Carolina did not apply S.C. Code § 44-23-410 (1976) to the Petitioner's case.

The Magistrate Judge also notes in the Report that the Petitioner argues in this challenge to his convictions that S.C. Code Ann. § 44-23-410 (1976) violates his Fifth, Sixth, and Fourteenth Amendment rights guaranteed by State and Federal Constitutions. With regard to reliance on a state statute and the state constitution as a basis for relief, the Magistrate Judge concludes that such is not cognizable under 28 U.S.C. § 2254, because federal habeas relief may be granted only for a violation of federal law. 28 U.S.C. § 2254(d)(1). To the extent that the Petitioner asserts that his federal rights were violated, the Magistrate Judge concludes that the state court adjudication did not result in a decision that was contrary to clearly established federal law as determined by the United States Supreme Court, nor did it involve an unreasonable application of clearly established federal law as defined by

---

[1] Section 44-23-410 provides:

> Whenever a judge of the Circuit Court or Family court has reason to believe that a person on trial before him, charged with the commission of a criminal offense or civil contempt, *is not fit to stand trial* because the person lacks the capacity to understand the proceedings against him or to assist in his own defense as a result of a lack of mental capacity, the judge shall: [order examination as provided].

(emphasis added).

the United States Supreme Court. As such, the Magistrate Judge recommends to this court that the Respondents' motion for summary judgment be granted. Petitioner filed objections to the Report and Recommendation on April 20, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

As noted above, the Petitioner filed objections to the Magistrate Judge's Report and Recommendation. In his first objection, the Petitioner acknowledges that he raised only one challenge in his habeas Petition. However, the Petitioner argues that as part of that one ground for relief, he is also raising the issue of ineffective assistance of *appellate* counsel. It appears to this court that the Petitioner takes issue with the fact that the Magistrate Judge does not address this claim in his Report. The Petitioner contends that this argument was presented in his Petition and on page 10 of his response in opposition to the Respondents' motion for summary judgment.

After reviewing the Petition filed in this case, the court has found no mention of ineffective assistance of appellate counsel. However, the Petitioner does make this argument in his response in opposition to the motion for summary judgment. Specifically, the Petitioner refers to *appellant*

3

counsel's inadequacies on *direct* appeal. After considerable review, it is apparent to this court that the Petitioner is actually discussing his *appellate counsel* handling the *appeal of his application for post-conviction relief* ("PCR") in state court and not counsel on *direct appeal*. This would have to be, as the Petitioner did not take a direct appeal of his conviction. As a matter of fact, one of the primary issues raised in his state PCR application was that the Petitioner's right to a direct appeal was not knowingly and intelligently waived. Notably, an evidentiary hearing was held regarding this issue and the state PCR judge granted a belated appeal. Petitioner's counsel filed a petition for writ of certiorari with the Supreme Court of South Carolina requesting that the Court accept the PCR judge's findings supporting the grant of belated appeal relief. The Supreme Court of South Carolina granted certiorari and subsequently issued an opinion affirming the convictions. Importantly, in South Carolina, a grant of belated appeal is decidedly part of the PCR process. It is never separated from the collateral review process. See Rule 227 of the South Carolina Appellate Court Rules; Davis v. State, 342 S.E.2d 60 (S.C. 1986) ("When the post-conviction relief judge has affirmatively found that the right to direct appeal was not knowingly and intelligently waived, the applicant may petition for a writ of certiorari . . . . All post-conviction relief issues, including the waiver of a direct appeal must be raised and argued in the Petition.").

The conclusion that the Petitioner is discussing ineffective counsel with regard to his *PCR appeal* is supported by the fact that the Petitioner argues in his response in opposition that his appellate counsel never informed him that he could file a *pro se* petition or petition for rehearing with the South Carolina Supreme Court. Also, Petitioner complains that appellate counsel chose the "wrong words" or made the wrong arguments in the brief to the South Carolina Supreme Court, and if it were not for these deficiencies the South Carolina Supreme Court's Opinion would have been different.

As noted above, the issue of ineffective PCR appellate counsel was not made in the Petition before this court. However, assuming *arguendo* that the issue is properly before the court, the Petitioner is not entitled to relief on this basis because *ineffective assistance of PCR counsel* does not amount to an independent constitutional violation. Murray v. Giarratano, 492 U.S. 1, 13 (1989) (O'Connor, J., concurring) ("[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings, . . . nor does . . . the Constitution require [ ] the States to follow any particular federal model in those proceedings."); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999) ("In Mackall, we determined that "[b]ecause [an inmate] has no right to effective assistance of counsel in his state habeas proceedings, he cannot demonstrate as cause to excuse the procedural default of his claims that his trial and appellate counsel were constitutionally defective."); Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997).

In the Petitioner's second objection, he takes issue with the Magistrate Judge's statement in the Report that the "Supreme Court of South Carolina did not apply S.C. Code § 44-23-410 (1976) to Petitioner's case . . . ." (Report p. 9). The Petitioner argues in this objection that such was not his claim. He argues that his ground for relief is that the "South Carolina Supreme Court's 'interpretation' of S.C. Code § 44-23-410 (1976) was arbitrary and capricious as it was 'applied' to [him] in the court's ruling." Furthermore, the Petitioner argues that the records are "undisputable and consistent with [his] claim that S.C. Code § 44-23-410 (1976) was indeed applied to [him] by the Lower Court."

After review, this court concurs with the Magistrate Judge that the Petitioner misunderstands

5

the statute and the trial judge's authority. As stated by the Magistrate Judge, the South Carolina Supreme Court found that "Section 44-23-410 (1976) does not apply to evaluations for criminal responsibility; it governs only evaluations to determine competency to stand trial. These are separate mental health issues. The test for criminal responsibility relates to the time of the alleged offense, while competency to stand trial relates to the time the defendant is before the court for trial. Accordingly, even if § 44-23-410 allows one examination, it is not dispositive here." Monahan v. State, Memo Op. 26007, filed July 5, 2005. Thus, this court finds that the Petitioner's argument that the South Carolina Supreme Court's interpretation of S.C. Code § 44-23-410 (1976) was arbitrary and capricious as it was applied to him is without merit.

Furthermore, to the extent the Petitioner argues in his objections that the Supreme Court of South Carolina's actions involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, this court concurs with the Magistrate Judge that such arguments lack merit.

After reviewing the Report, objections, pleadings, memoranda, and applicable law, the court finds, for the reasons stated above, that the Petitioner's objections are without merit. Therefore, **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [Entry #20] is **ADOPTED** and incorporated herein by reference and the Petitioner's objections [Entry # 23] are **OVERRULED**. Accordingly, the Respondents' motion for summary judgment [Entry # 14] is **GRANTED**, and this Petition is **DISMISSED**.

**IT IS SO ORDERED.**

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

September 27, 2006
Florence, South Carolina